| | | |
|---|---|---|
| WILLIAM K. BRYANT, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | NO. 3:24-cv-01486 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| AMERICAN EXPEDITING and | ) | MAGISTRATE JUDGE HOLMES |
| CROSSTOWN COURIER, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report (Doc. No. 31), recommending that Defendants' pending motion to dismiss (Doc. No. 27) be: denied as to Plaintiff's Title VII claims for discriminatory demotion and retaliation linked with filing his charge of discrimination; and granted as to Defendant American Expediting for lack of timely service of process under Rules 4(m) and 21 and as to Plaintiff's Fourteenth Amendment claim, Title VII hostile work environment claim, and Title VII retaliation claim linked to overtime pay under Rules 12(b)(6) and 21 for failure to state claim. Defendant Crosstown Courier filed objections to the Report's findings that the amended complaint states a claim for discrimination and retaliation under Title VII. (Doc. No. 32). For the reasons stated below, the objections are overruled, and the Report and Recommendation (Doc. No. 31) is adopted and approved.

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections

to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

As noted above, Crosstown Courier's first objection is to the Magistrate Judge's finding that the amended complaint plausibly states a claim for disparate treatment under Title VII:

> Although Plaintiff raised his demotion claim in the charge of discrimination that he filed on December 6, 2023, Defendants argue that he filed the charge more than 300 days after the demotion occurred and that the claim should thus be dismissed because it was not timely pursued at the administrative level. Defendants assert that Plaintiff does not state a precise date when he was demoted but that he states in his charge that Defendants informed employees in "December 2022" that they were restructuring work to reduce overtime. Defendants contend that the demotion claim arose in December 2022, but Plaintiff did not file his charge until 340 days after the latest possible alleged demotion date of December 31, 2022. *See* Memorandum in Support at 4-5.
>
> In his response in opposition, Plaintiff fails to offer a reasoned legal or factual argument against this request for dismissal. Nonetheless, the Court finds that Defendants' position of when the job demotion occurred is not so clearly supported by the amended complaint or attached exhibits that dismissal of the claim is warranted at this time. While the charge does reference December 2022 as a date when Defendants notified employees of job restructuring with respect to overtime hours, it is not clear that this is when Plaintiff was actually demoted. The Court further notes that EEOC charges filed by "lay complainants" should be "liberally construed." *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005). Given the uncertainty of when the alleged demotion occurred, the Court does not find that the only reasonable reading of the amended complaint is the one advanced by Defendants. Accordingly, dismissal of this claim is not presently warranted, and the claim should proceed for further factual development.

(Report and Recommendation at 11-12) (footnote omitted).

Crosstown Courier claims the Magistrate Judge erred in concluding that dismissal was unwarranted on timeliness grounds because "the R&R's determination improperly flips the Plaintiff's pleading burden onto the Defendant, requiring Defendant to identify a plausible date on which the discriminatory conduct occurred." (Doc. No. 32-1 at 3). However, "a timely charge of discrimination with the EEOC" is an administrative requirement, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (U.S. 1982); *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (U.S. 2019), and failure to exhaust administrative requirements in the context of Title VII claims is an affirmative defense that defendants bear the burden of pleading and proving, *Moore v. Coca-Cola Bottling Company Consolidated*, 113 F.4th 608, 621–22 (6th Cir. 2024). Further, it is well established that "[a] complaint need not plead factual allegations to plausibly avoid an affirmative defense." *VCST International B.V. v. BorgWarner Noblesville, LLC*, 142 F.4th 393, 399 (6th Cir. 2025) (citing *Jones v. Bock*, 549 U.S. 199 (2007)). Accordingly, Crosstown Courier's first objection is overruled.

Crosstown Courier's second objection is to the Magistrate Judge's finding that the amended complaint plausibly states a claim for Title VII retaliation:

> Plaintiff also asserts that he was retaliated against because of the charge of discrimination that he filed on December 6, 2023, pointing to the 2024 negative yearly review and the September 26, 2024, corrective action as acts of retaliation. *See* Amended Complaint at 3. Defendants argue that the claim should be dismissed because the corrective action cannot be viewed as retaliatory because two similar corrective actions occurred prior to the charge of discrimination. *See* Memorandum in Support at 8-9. The Court is unpersuaded by this argument. First, the argument does not address the negative yearly review, which is also asserted to be retaliatory. Second, Defendants' argument does not address Plaintiff's allegations that he was told by Stacey Turner that the corrective action and yearly review were unwarranted and false. Whether or not there is evidence that supports Plaintiff's retaliation claim is unknown at this time, but, given a liberal construction and given the plausibility standard that is at issue when determining a motion to

3

dismiss, the Court finds that Plaintiff has alleged sufficient facts that allow the Court to "draw the reasonable inference" that the two adverse actions at issue were retaliatory. *See Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012).

(Report and Recommendation at 14-15).

Crosstown Courier claims the Magistrate Judge erroneously found that the amended complaint plausibly states a claim for relief because it fails to allege a materially adverse or casually connected action sufficient to support a retaliation claim. (*See* Doc. No. 32-1 at 5-7). Stated another way, Crosstown Courier contends that the Magistrate Judge should have dismissed this claim because it fails to plead a prima facie case of Title VII retaliation. Of course, the "prima facie case under *McDonnell-Douglas* ... is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema*, 534 U.S. 506, 510 (2002); *see also id*. at 511 ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Moreover, the scope of Title VII's antiretaliation provision extends to any action that could well dissuade reasonable employee from engaging in protected conduct. *Thompson v. North American Stainless, LP*, 562 U.S. 170, 174 (U.S. 2011). Finally, Crosstown Courier's second objection is premised on a view of the facts in the light most favorable to itself, which the Court cannot do at the pleading stage. Accordingly, this objection is overruled.

For the reasons described above, Crosstown Courier's objections fail to provide a basis for rejecting or modifying the Report and Recommendation. Thus, having fully considered Crosstown Courier's objections, the Court concludes that they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, Defendants' motion to dismiss (Doc. No. 27) is **DENIED** as to Plaintiff's Title VII claims for discriminatory demotion and retaliation linked with his charge of discrimination and is **GRANTED** as to Plaintiff's Fourteenth

Amendment claim, Title VII hostile work environment claim, Title VII retaliation claim linked to overtime pay, and as to Defendant American Expediting for lack of timely service of process.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE